**In the Matter of D.G.M., A Person Alleged to be Mentally Ill.**

No. 62616.

Missouri Court of Appeals,
Eastern District,
Division Seven.

Sept. 29, 1992.

William L. Webster, Atty. Gen., Jefferson City, Virginia G. Rice, Asst. Atty. Gen., St. Louis, for appellant.

Lindell P. Dunivan, Farmington, for respondent.

KAROHL, Chief Judge.

D.G.M. is a thirty-eight year old male. He is twice divorced and the custodial parent of two sons, ages seventeen and sixteen. After a hearing the trial court ordered involuntary detention and treatment for D.G.M. at Southeast Missouri Mental Health Center [SMMHC] for a period not to exceed twenty-one days. D.G.M. contests two findings of fact on the basis of insufficiency of proof: (1) that D.G.M. presents a likelihood of serious physical harm to himself or others, § 632.330.2(1) RSMo 1986; and (2) that SMMHC is the least restrictive environment for treatment. Section 632.-335.4 RSMo 1986.

In this expedited appeal, our duty is to decide whether there was clear and convincing evidence to support these two findings of fact. Section 632.335.4 RSMo 1986; *In the Matter of Todd,* 767 S.W.2d 589, 590 (Mo.App.1988). In offering these limited claims of error, D.G.M. concedes the medical diagnosis of "schizophrenia, Paranoid, chronic with acute exacerbation with poor compliance with medication and treatment."

There was expert testimony D.G.M. believed his employer implanted electronic devices in his brain so they could control his thinking, emotions and actions. He agreed to meet a city police officer at SMMHC. He presented himself dressed as a woman, blaming his dress on the "control power of the control room" of his employer. He hears voices at night from a control device. He was "frustrated and angry" about these events. He believes murders are being committed and that law enforcement authorities are not interested in the crimes. He is concerned about being murdered and blames ex-wives for plotting together to murder people. He acknowledged two previous psychiatric admissions.

On the disputed fact issues, the court heard testimony of Dr. Enrique Vicioso. He appeared in place of D.G.M.'s treating doctor, Dr. Herath. Dr. Vicioso opined D.G.M. was more of a danger to himself than to others. In answer to direct questions calling for an opinion regarding danger to self the doctor responded "I think so," and "yes." He also testified SMMHC was the least restrictive environment in which D.G.M. can be placed.

D.G.M. also testified. He came to the state hospital to meet a Ste. Genevieve Police Officer because he believed a CAT scan would prove implanted devices. His

sons lived with him after June 1988. At the time of the hearing, he believed they were with their mother. He told the court he once spoke to the head of security of his employer when "they were throwing thoughts of suicide into my head." He knew "for a fact" his father was not his father.

D.G.M.'s mother testified. She identified his father who was also present. Although she did not think her son was dangerous, she wanted him to stay in the hospital to get treatment. Her opinion that her son was not dangerous was subject to a disclaimer, "but I—you know, like I said, I haven't been living with him."

The summarized evidence was sufficient to meet the requirement of clear and convincing evidence of severe mental illness which presents a likelihood of serious physical harm to D.G.M. or others. The evidence also supports a finding that SMMHC is an appropriate facility for detention and treatment which is available to the court and willing to accept and treat D.G.M. The court expressly found detention and treatment in the least restrictive environment could be accomplished at SMMHC. However, the order does not expressly incorporate this requirement of least restrictive detention as required by § 632.335.4 RSMo 1986.

We affirm the order for involuntary detention and treatment. We sustain counsel's motion for remand to the trial court to consider the matter of costs, including attorney's fees, for this appeal. We direct the order to be amended to require detention at SMMHC in the least restrictive environment available to treat the mental illness.

PUDLOWSKI and CRANDALL, JJ., concur.